

FILED
DEC 16 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PHILLIP HALEY,<br><br>    Debtor.<br>_____<br><br>JAMES GRAHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILLIP HALEY,<br><br>    Defendant.<br>_____ | Case No. 09-43167-A-7<br><br><br><br><br><br><br><br>Adv. No. 10-2037<br><br>Date: December 15, 2010<br>Time: 9:30 a.m.<br>Dept: A |

**ORDER SETTING TRIAL**

    This adversary proceeding is set for a half-day trial on March 8, 2011, beginning at 2:00 p.m. Trial will be conducted before Judge David E. Russell at the United States Bankruptcy Court, U.S. Courthouse, 501 I Street, seventh floor, courtroom 28, Sacramento, California.

    Discovery is complete.

Rule 9017-1 of the Local Rules of Practice shall apply in this proceeding. For the convenience of counsel and the parties, a copy of Local Bankruptcy Rule 9017-1 is appended to this order.

Dated: 15 Dec 2010

BY THE COURT

_____
Michael S. McManus
United States Bankruptcy Judge

# LOCAL RULE 9017-1
Alternate Direct Testimony, Exhibits at Trial, and Qualification of Expert Witnesses

If ordered by the Court, the following procedures shall apply:

(a) <u>Alternate Direct Testimony Procedure</u>.

    (1) <u>Purpose</u>. The purpose of this procedure is to facilitate pretrial preparation and to streamline the adducement of direct testimony in trial and contested hearings so as to reduce trial time without sacrificing due process and a fair trial. This procedure shall be known as the Alternate Direct Testimony Procedure.

    (2) <u>Applicability</u>. Unless otherwise ordered, the Alternate Direct Testimony Procedure shall be used in all trials and contested hearings not scheduled for the law and motion calendar. The failure of any party to any such trial or contested hearing to object in writing at or before the pretrial conference, if one is held, or if not, on or before the date of the trial setting hearing, shall be deemed as consent to the use of this alternate testimony procedure for such trial or contested hearing.

    (3) <u>Content and Preparation</u>. For each witness (excluding hostile or adverse witnesses) that an attorney calls on behalf of his/her client's case, there shall be prepared in triplicate a succinct written declaration, executed under penalty of perjury, of the direct testimony which that witness would be prepared to give as though questions were propounded in the usual fashion. Each statement of fact or opinion shall be separate, sequentially numbered and shall contain only matters that are admissible under the Federal Rules of Evidence (e.g., avoiding redundancies, hearsay, and other obvious objectionable statements).

(b) <u>Submission of Testimony Declarations, Exhibits, and Objections</u>. Unless otherwise ordered by the Court, copies of all direct testimony declarations by witnesses and exhibits that are intended to be presented at trial or hearing shall be furnished to opposing counsel as follows:

    (1) <u>Plaintiff's Declarations and Exhibits</u>. The plaintiff shall submit to opposing counsel all such declarations and exhibits comprising the plaintiff's case in chief ten (10) court days before trial.

    (2) <u>Defendant's Declarations and Exhibits</u>. The defendant shall submit to opposing counsel all such declarations and exhibits comprising the defendant's case five (5) court days before trial.

    (3) <u>Objections to Declarations and Exhibits</u>. Two (2) court days before trial or hearing, all such declarations and exhibits, together with any written objections to the admission of any of the exhibits or to any of the declarations or any portion thereof, shall be lodged with the courtroom deputy of the department to which the trial or hearing is assigned. No objections to testimony presented by written declaration or exhibits need be entertained unless in writing and presented as herein specified. The exhibits (no originals) lodged with the courtroom deputy clerk as herein required shall be premarked by counsel (e.g., Plaintiff's Exhibit 1, etc., Defendant's Exhibit A,

etc.) and if three (3) or more, shall be accompanied by a cover sheet index containing a brief description of each exhibit.

(c) <u>Utilization of Live Testimony</u>. All cross-examination, rebuttal, surrebuttal and appropriate impeachment evidence shall be given by live testimony. Notwithstanding provisions of this Rule, the Court, in its discretion, may allow live direct testimony.

<u>Comment</u>. This procedure is not used in Department B in Fresno; however, it may be permitted upon request. A modified procedure is used in Department A in Fresno.

(d) <u>Qualifications of Expert Witnesses</u>. Whenever an expert witness is called to testify, it shall be the duty of the party calling such witness to furnish the Court and the opposing party with a declaration of the expert's qualifications. After the expert is sworn and upon verifying the qualification statement, it shall be admitted into evidence. Thereafter, opposing counsel and/or the Court may examine the witness on voir dire.

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

David Silber
228 Commercial St #304
Nevada City, CA 95959

Douglas Jacobs
20 Independence Cir
Chico, CA 95973

Dated: December 16, 2010

*Susan C. Cox*
Susan C. Cox
Judicial Assistant to Judge McManus