FILED
March 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003328862

DAVID S. SILBER SBN 176377
ATTORNEY AT LAW
228 Commercial Street # 304
Nevada City, CA 95959
Telephone: (530) 265-9529
Facsimile: (530) 687-0306

Attorney for Plaintiff
JAMES GRAHAM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>PHILLIP MARSCHON HALEY,<br>Debtor(s).<br>_____<br>JAMES GRAHAM,<br>    Plaintiff,<br>vs.<br><br>PHILLIPMARSCHONHALEY,<br><br>    Defendant. | Case No.: 09-43167-A-7<br><br>Adversary No.: 10-02037-A<br><br>PLAINTIFF JAMES GRAHAM TRIAL BRIEF ON THE ISSUE OF EFFECT OF SETTLEMENT IN STATE COURT TRIAL AND NOTARIZED STATEMENT OF NONDISCHARGEABILITY RE: FRAUD<br><br>Trial Date: March 8, 2011<br><br>Time: 2:00 pm<br><br>The Honorable David Russell |

  Plaintiff JAMES GRAHAM by and through his attorney David S. Silber, presents the following brief on the issue of the effect of the Settlement Agreement in the underlying California Superior Court State Action that ended in a Judicially Supervised Settlement Agreement in favour of James Graham and that based on fraud the debt should be deemed nondischargeable.

## FACTS

  In 2006 James Graham sued Phillip Haley for Breach of Contract, Negligence and Fraud as well as other related causes of action. The parties agreed to a settlement at the Judicially

Supervised Settlement Conference. In support of the settlement and in order to effect the settlement based on fraud, Defendant Phillip M. Haley signed a document in front of a Notary Public wherein he stipulated to facts in support of the settlement based on fraud. Furthermore the facts contained in the stipulation justified the finding that the settlement was based on Haley's willingness to agree to the debt being nondischargeable in Bankruptcy based on the underlying fraud.  The settlement agreement signed by Haley, Graham and approved by Superior Court Judge Roberts mentioned that it was non-dischargeable based on fraud.

Plaintiff Graham contends herein that the Bankruptcy Court has the authority to determine whether or not the claim is non-dischargeable and that the law does not require that underlying matter be determined by trial. In 2003 the United States Supreme Court reversed the Fourth Circuit Court of Appeals and found in the case of *Archer v. Warner*, 123 S.Ct. 1462, 155 L.Ed2d 454 (2003) that a claim based on payments due under an agreement resulting from the settlement of fraud claims can retain its status as a nondischargeable debt. The fact that the debt was reduced to a payment under a settlement agreement did not change the character of the debt for nondischargeability purposes.

Defendant Haley by and through his attorney filed a trial brief and has relied on the case of *Huang v Bank of China* 275 F.3d 1173 (9th Cir. 2002) for the proposition that, (Defendant's Trial Brief Page 3, Line 1) 'it is well established in the 9th Circuit that one cannot waive one's right to bankruptcy or to have a debt declared non-dischargeable." Defendant Haley argues in his brief that the case of *Huang v Bank of China* is squarely on point.

To the contrary the case of *Huang v Bank of China* is not squarely on point and in fact has underlying facts that are in stark contrast to the facts contained in this case. For example, in *Huang*, the purported settlement agreement did not contain any language regarding the fraud claim or any facts in support of the settlement based on fraud.

In this case the settlement agreement contained a declaration signed by Phillip Haley, in the presence of a notary public, wherein Haley acknowledged that the underlying settlement of the Superior Court case was non-dischargeable based on the underlying fraud. The Settlement Agreement states that based on facts contained in the complaint and based on fraud the debt

would be non-dischargeable. This settlement was approved by the Trial Judge. The issue was "actually litigated" although a trial was not held.

In *Huang infra,* Huang filed for bankruptcy under Chapter 7. On December 14, 1998, the Bank filed an adversary proceeding objecting to discharge of Huang's debt to it. The Bank moved for summary judgment on the basis of the provision in the Settlement Agreement that the debt was not dischargeable. On February 8, 2000, the Bankruptcy Court so ruled. Huang appealed to the Bankruptcy Appellate Panel, which transferred the case to Judge Hatter. On November 3, 2000, Judge Hatter reversed the order of the Bankruptcy Court. Judge Hatter reasoned that: "Without a hearing, this Court received a settlement, a stipulation for the entry of a judgment and a proposed judgment. The settlement, the parties' stipulation, and the Judgment did not include any of the underlying facts regarding Huang's allegedly fraudulent activities. Thus, Huang's fraud liability was not an essential part of this Court's Judgment and, on that basis, collateral estoppel does not apply in the bankruptcy proceeding. *United States v. International Bldg. Co.*, 345 U.S. 502, 505, 97 L. Ed. 1182, 73 S. Ct. 807 (1953).

The facts in *Huang* are different than the facts in this case. In that case if the settlement agreement contained any statement in support of the judgment based on fraud then the court would have ruled differently. "The Bank knew it was running the risk of the waiver being void. The Bank, which the Settlement Agreement shows to have been in a dominant position, was unable to secure the one provision that would have led to collateral estoppel, that is, Huang's admission of fraud." *Huang id* 275 F.3d 1173@ 1173.

The United States Supreme Court in 1991 ruled in *Archer v. Warner*, 538 U.S. 314, 321, 123 S. Ct. 1462, 155 L. Ed. 2d 454 (2003), that a judgment can be nondischargeable in bankruptcy as a debt for money obtained from fraud, when the settlement agreement and stipulated judgment enforcing that settlement agreement resolve state-law claims for fraud.

In *Archer*, the parties settled an action brought by Archer against Warner for fraud in the context of a business dispute. *Id.* at 317. The settlement agreement released all claims, stated that no party admitted liability, and provided for an initial payment by Warner to Archer of $200,000, with the remaining $100,000 to be paid over time, secured by a promissory note for that

amount. *Id.* Warner failed to make the first payment on the note, and instead filed for bankruptcy. *Id.* at 317-18. Archer then filed an adversary proceeding before the bankruptcy court, seeking a determination that the $100,000 note was nondischargeable as a debt for fraud. *Id.* at 318.

The Court found that even though the settlement resolved and embodied all of the state-law claims raised by Archer, the bankruptcy court retains the power to determine if the settlement agreement is a debt for money obtained by fraud, rejecting Warner's theory that the settlement agreement replaced the original debt with a new, purely contractual debt. *Id.* at 320. Allowing a bankruptcy court to look beyond the settlement and judgment to determine if the debt is a debt for fraud fulfills Congress' intent "to ensure that all debts arising out of fraud are excepted from discharge, no matter what their form." *Id.* at 321 (citations omitted). The court remanded the case to allow the Archers to show that the settlement debt arose from fraud. *Id.* at 323.

On November 18, 2010, in the USDC for the Northern District of California the court, distinguished the ruling in *Huang*. In the case of *Son v Park, 2010 U.S. Dist. LEXIS 123068*, Mr. Son contended that the judgment in that matter could not be found nondischargeable as a matter of public policy, arguing that the agreement to include findings of fraud in the stipulated judgment amounted to an invalid pre-petition waiver of dischargeability, relying on *In re Huang*, 275 F.3d 1173, 1178 (9th Cir. 2002) for support and the statement in that case that, "pre-petition waivers of dischargeability are invalid, as a pre-petition waiver of a debt defeats the Bankruptcy Code's goal of allowing a "fresh start" to "the **honest but unfortunate** debtor," because creditors would simply force debtors to agree to waive dischargeability as a condition of incurring a debt. (Quoting *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).)

The Court in *Son v Park* went on to differentiate between *Huang* and *Son* and stated that, "However, this rule is not implicated where the underlying facts show that the debt at issue falls within one of the statutory discharge exceptions. *Id.* at 287. These exceptions include debts for child support, alimony, fraud, and educational loans. *Id.* For these types of debts, Congress has determined that the creditor's interest in securing a full recovery trumps the debtors' interest

in a fresh start, by providing that debts which meet these exceptions cannot be discharged in bankruptcy. *Id.*

The issue and question of the term "actually litigated" does not mean that a trial must have taken place. The cases that mention the term actually litigated refer to whether the case was resolved by participation of the defendant or if the default judgment of the defendant was taken. In the State Court case of Graham v Haley, Mr. Haley was represented by an attorney and fully participated in the case in that he filed an answer responded to the Discovery and participated in a judicially supervised settlement conference. Rather than proceed to trial wherein he could have been found liable for punitive damages in addition to the compensatory damages he decided to settle the matter and stipulate to the facts that were alleged in the Complaint that he committed fraud. The underlying California Superior Court Case wherein the matter was resolved by a stipulated judgment was "actually litigated" despite the fact that the case did not proceed to trial.

Conclusion

Despite the assertion of Defendant Haley that this matter resembles the case cited by him in his trial brief, this case clearly mentions the non-dischargeability based on fraud both in the settlement agreement executed by the defendant, Phillip Haley, the plaintiff, James Graham and the Judge. Furthermore, The notarized statement signed by Haley and attesting to the fraud allegations contained in the Complaint clearly put this case in a different light than the *Huang* case.

Despite defendants assertion that the matter in state court was not actually litigated it was. The fact that a resolution of the underlying case was made by settlement (wherein the fraud is cited in the agreement and that the defendant signed a notarized statement that he acknowledged the fraud), as opposed to a trial, does not lessen the judgment in favor of James Graham based on fraud committed by Defendant Haley.

Therefore this court has the power and authority to grant the request of Plaintiff Graham to rule the debt owed is non-dischargeable because the settlement in State Court, clearly states

that the settlement is non-dischargeable because it is based on fraud and the basis for the settlement is clearly cited within the settlement and acknowledgment.

Dated: 3/4/11                    Respectfully Submitted,

_____
**David S. Silber Attorney for**
**JAMES GRAHAM**

**Certificate of Service**

This is to certify that I, David S. Silber, attorney for James Graham, Plaintiff in the above-styled and numbered proceeding, have this date served a true and correct copy of the above and foregoing Trial Brief, by personally delivering it and putting it in the mail slot of the office of counsel of record for Defendant on March 6, 2011 at 3:00 pm:

Douglas B. Jacobs

Jacobs, Anderson, Potter and Chaplin

20 Independence Circle

Chico, CA 95973

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this the 6th day of March, 2011.

**Respectfully Submitted,**

*/s/ David S. Silber*
_____
David S. Silber SBN 176377
Attorney for Plaintiff, James Graham
228 Commercial Street # 304
Nevada City, CA 95959
(530) 265-9529